**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Harmon, | No. CV 10-1813-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| RAR Enterprises Inc. et al, | |
| Defendant. | |

We granted a default judgment on December 16, 2010. (Doc. 32). On January 18, 2010, plaintiff filed waivers of service by Genoviva Ramirez and Raul Ramirez, (docs. 33 and 34), along with a "Request to Vacate Judgment Entered December 16, 2010." (Doc. 35). Then, on the very next day, January 19, 2010, plaintiff filed an Application for Entry of Default against Raul and Genoviva Ramirez. (Doc. 36).

We are perplexed by all of this. Plaintiff wants his judgment vacated because he is not confident of the validity of the original service. In return for vacating the judgment, he acquired acceptance of service by Raul and Genoviva Ramirez, neither of whom filed a responsive pleading by the agreed upon date. Plaintiff then asked the clerk to default them, but the affidavit relies not on the acceptances, but instead on the original service which caused plaintiff to want to vacate his judgment. Affidavit at 1. (Doc. 37). Left out of the renewed process is the defendant R A R.

1  While we do not understand this, we think it best to simply grant the plaintiff's
2 requests and let the chips fall where they may.
3  Accordingly, it is ORDERED GRANTING plaintiff's Request to Vacate the Judgment
4 Entered on December 16, 2010.  (Doc. 35).
5  DATED this 1st day of March, 2011.

*Frederick J. Martone* (signature)

Frederick J. Martone
United States District Judge