**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Harmon, dba Harmon Company Produce,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RAR Enterprises, Inc., et. al.,<br><br>　　　　　Defendants. | No. CV-10-01813-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for default judgment (doc. 43), defendants' opposition (doc. 46), and plaintiff's reply (doc. 51). We also have before us defendants' motion to dismiss for lack of jurisdiction or alternatively motion to change venue or transfer the case (docs. 48, 50) and plaintiff's response (doc. 54). Defendants did not file a reply.

**I. Background**

On August 24, 2010, plaintiff filed this action against defendants alleging three claims for relief: (1) breach of contract; (2) insufficient funds check and 3) Perishable Agricultural Commodities Act ("PACA") award. Plaintiff alleges that defendant RAR Enterprises, Inc. ("RAR") maintained an open account with plaintiff to purchase perishable agriculture. Plaintiff claims that defendant RAR breached its open account contract by failing to pay all debts, totaling $79,929.00. On January 12, 2010 the United States Department of Agriculture

1  entered a default order pursuant to the Perishable Agricultural Commodities Act ("PACA")
2  against defendant RAR in the amount of $79,929.00 as reparation for damages plaintiff
3  suffered.  See doc. 1, ex. 1.  Defendants have not complied with the default order.  Plaintiff
4  now seeks an order pursuant to 7 U.S.C. § 499e(c) that defendant RAR's agricultural
5  commodities and any receivables or proceeds therefrom, be held in trust for the benefit of
6  plaintiff until the debts are satisfied.  Plaintiff's second claim is asserted against the
7  individual defendants, Raul and Genoviva Ramirez for writing and issuing, on behalf of
8  RAR, two bad checks in violation of A.R.S. § 12-671(a).
9  We have before us a motion for default judgment and a motion to dismiss for lack of
10 jurisdiction or alternatively motion to change venue/transfer the case. We address the motion
11 to dismiss first because without jurisdiction we have no power to enter default judgment.

## II. Personal Jurisdiction

13 Defendants move to dismiss the complaint for lack of personal jurisdiction pursuant
14 to Rule 12(b)(2), Fed. R. Civ. P. Defendants maintain that they are residents of California
15 and have not established minimum contacts with Arizona such that the exercise of
16 jurisdiction would be reasonable.  Plaintiff argues that we have personal jurisdiction over
17 defendant RAR pursuant to 7 U.S.C. 499g(b).  As for the individual defendants, plaintiff
18 asserts that by writing and issuing two bad checks, the individual defendants intentionally
19 directed their activities to Arizona such that we have personal jurisdiction.
20 Plaintiff bears the burden of establishing personal jurisdiction over defendants by
21 making a prima facie showing of all jurisdictional facts.  See Pebble Beach Co. v. Caddy,
22 453 F.3d 1151, 1154 (9th Cir. 2006).  For the purposes of a motion to dismiss, all factual
23 allegations are taken as true and any conflicts must be resolved in plaintiff's favor.  Harris
24 Rutsky & Co. Ins. Servs. v. Bell Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003).  We
25 assess personal jurisdiction over each defendant individually.
26 Plaintiff contends that we have personal jurisdiction over defendant RAR pursuant to
27 7 U.S.C. § 499g(b).  We agree.  The statute states that if any merchant "does not pay the
28 reparation award within the time period specified in the Secretary's order, the complainant

. . . may within three years of the date of the order file in the district court of the United States for the district in which he resides." § 499g(b). On January 12, 2010, the Secretary of Agriculture issued a reparation award ordering defendant RAR to pay plaintiff within thirty days of the order. Defendant RAR did not pay plaintiff. Plaintiff is entitled to bring this action in the District of Arizona because he is an Arizona resident. We have personal jurisdiction over defendant RAR.

Plaintiff's second claim alleges that the individual defendants, Raul and Genoviva Ramirez violated A.R.S. § 12-671 by intentionally issuing checks drawn on accounts with insufficient funds.[1] Arizona's long-arm statute permits personal jurisdiction to the extent permitted by the due process clause of the United States Constitution. See Brainerd v. Governors of the University of Alberta, 873 F.2d 1257, 1258 (9th Cir. 1989); see also Ariz.R.Civ.P. Rule 4(e)(2). Thus, we need only determine whether personal jurisdiction would meet the requirements of due process.

The parties only dispute the existence of specific jurisdiction. The Ninth Circuit applies a three-part test for specific jurisdiction: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. Pebble Beach Co., 453 F.3d at 1155. In the case of intentional torts, the purposeful availment requirement also may be satisfied if the defendant intentionally directs his activities into the forum state and causes harm therein. See Brainerd, 873 F.2d at 1259.

Plaintiff alleges that Raul Ramirez signed and issued bad checks on behalf of RAR.[2]

---

[1] In the motion to dismiss, defendants argued that plaintiff asserted all three claims against the individual defendants. Plaintiff conceded in his response to the motion to dismiss that the complaint was poorly pled. Plaintiff states that the only claim asserted against the individual defendants is claim two.

[2] Plaintiff originally named Alvaro Ramirez and his wife as individual defendants. Claims against both parties were dismissed without prejudice.

- 3 -

1  Raul is the president of RAR.  Genoviva is Raul's wife.  Although Genoviva is not alleged
2  to have signed the bad checks, in order to reach assets of community property under Arizona
3  law, spouses must be sued jointly.  <u>See</u> A.R.S. § 25-215(D); <u>see also</u> <u>Rodgers v. Bryan</u>, 82
4  Ariz. 143, 309 P.2d 773 (1957) (stating that community property may be liable for the
5  intentional tort committed by one spouse when the tort was committed for the benefit of the
6  community).

7  Plaintiff claims that by signing bad checks, Raul intentionally directed his activities
8  to Arizona and knew that the resulting harm and injury would occur in Arizona.  Defendants
9  deny signing the bad checks and state that a third-party broker "may have."  Because we
10 assume all factual allegations in the complaint to be true, and resolve all disputes in favor of
11 plaintiff, we assume that Raul did sign and issue the bad checks.  By contacting and issuing
12 two bad checks to plaintiff in Arizona, Raul intentionally directed his activities to Arizona
13 and caused harm there.  Thus, prongs one and two of the specific jurisdiction test are met.

14 Due process also requires the assertion of jurisdiction to be reasonable.  <u>Brainerd</u>, 873
15 F.2d at 1260.  Because we find that Raul purposefully directed his activities to Arizona,
16 personal jurisdiction is presumed to be reasonable, absent a compelling argument otherwise.
17 <u>Id.</u>  Defendants do not make a compelling case.  Defendants assert that they would suffer an
18 undue economic burden in defending the action in Arizona because only RAR has an open
19 book account with plaintiff and the individual defendants cannot be liable for the corporate
20 debt.  Contrary to this assertion, however, there is authority supporting the notion that a
21 principal of a company may be personally liable for the PACA debts of a corporation if the
22 entity is unable to satisfy the debt.  <u>See</u> <u>Sunkist Growers, Inc. v. Fisher</u>, 104 F.3d 280, 284
23 (9th Cir. 1997).  Defendants fail to show that litigation in Arizona would be so "gravely
24 difficult and inconvenient" or place them at a "severe disadvantage."  <u>Burger King Corp. v.</u>
25 <u>Rudzewicz</u>, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185 (1985).  Accordingly, we have personal
26 jurisdiction over Raul and Genoviva Ramirez.  Having personal jurisdiction over defendants
27 RAR and Raul and Genoviva Ramirez, we deny defendants' motion to dismiss for lack of
28 personal jurisdiction.

### III. Venue and Motion to Transfer

Defendants alternatively request that we dismiss this action for improper venue pursuant to Rule 12(b)(3), Fed. R. Civ. P. and 28 U.S.C. § 1406. Defendants also move to transfer the case pursuant to 28 U.S.C. § 1631.

Section 1406 permits a court to transfer a case if venue is improper. As demonstrated by the above discussion, venue is not improper in Arizona. 7 U.S.C. § 499g(b) clearly states that an action to enforce a PACA award may be brought in the district in which the merchant resides, here Arizona. As for the breach of contract and insufficient funds check claims, venue is proper because a "substantial part of the events or omissions giving rise to the claim[s] occurred" in Arizona. 28 U.S.C. § 1391. Plaintiff resides in Arizona, produced and shipped the goods from Arizona, and received the bad checks in Arizona.

Curiously, defendants did not move for a change of venue pursuant to 28 U.S.C. § 1404(b), which would permit transfer of a case for the convenience of the parties, witnesses, and in the interest of justice. § 1404(a). Instead, defendants only seek to change venue under § 1406 and move to transfer the case pursuant to 28 U.S.C. § 1631. 28 U.S.C. § 1631 only permits transfer of cases upon a finding that the court lacks jurisdiction. Having found we have jurisdiction, we cannot transfer the case pursuant to § 1631. Accordingly as pled, we deny defendants' motions to change venue or transfer the case.

### IV. Failure to State a Claim

Defendants next move to dismiss the complaint for failure to state a claim against the individual defendants. Plaintiff only asserts claim two against the individual defendants. A.R.S. § 12-671 allows an individual to assert an action against a "person who, for himself or for another, with intent to defraud, makes, draws, utters or delivers to another person or persons a check or draft on a bank . . . knowing at the time . . . that he or his principal does not have an account or does not have sufficient funds" § 12-671(a). Plaintiff sufficiently alleges that Raul signed two bad checks on behalf of RAR issued to plaintiff. Plaintiff has stated a claim against Raul. Moreover, since Arizona law requires joining the spouse to obtain community property assets to satisfy a judgment, plaintiff has stated a claim against

- 5 -

Genoviva.

## V. Motion for Default Judgment

Having found that we have personal jurisdiction over defendants, we address plaintiff's motion for default judgment (doc. 43). Plaintiff moves for a default judgment against RAR Enterprises, Inc., Raul Ramirez and Genoviva Ramirez. Defendants argue that good cause exists to deny this motion because default was taken as a result of mistake, inadvertence, or excusable neglect.

The procedural history of this case is quite confusing. Plaintiff originally filed proof of service on all defendants, including Alvaro Ramirez, on October 18, 2010. On November 1, 2010, the clerk entered default as to RAR Enterprises and Alvaro and Raul Ramirez. We then granted a default judgment on December 16, 2010 (doc. 32). On January 18, 2010, plaintiff filed waivers of service by Genoviva and Raul Ramirez along with a "Request to Vacate Judgment" (doc 35). The very next day, plaintiff filed another Application for Entry of Default against Raul and Genoviva Ramirez, all the while leaving out defendant RAR. We noted the perplexing nature of plaintiff's filings but nevertheless granted plaintiff's request to vacate the judgment (doc. 40). Then, on the very same day we vacated the judgment, plaintiff yet again filed another application for an entry of judgment (doc. 41) and moved for default judgment (docs. 43, 44).

Plaintiff and defendants attempt to explain the perplexing nature of the filings. Although plaintiff thought he successfully served all defendants, in December, defendants' counsel informed plaintiff that he could not have served Alvaro Ramirez because he was dead. Counsel also claimed that the other defendants were not properly served. Upon learning that service was ineffective, plaintiff sought to have the original judgment vacated in exchange for defendants' waiving service and filing a responsive pleading on or before January 17, 2011. When defendants failed to file anything, plaintiff filed another application for default judgment.

Defendants now ask that we set aside the entry of default pursuant to Rule 55(c), Fed. R. Civ. P. Rule 55(c) allows a court to set aside an entry of default for "good cause."

- 6 -

Although a finding of good cause is ultimately within the discretion of the court, three factors should be considered: (1) whether the defendant[s'] culpable conduct led to default; (2) whether the defendant[s have] a meritorious defense; and (3) whether setting aside default would prejudice the other party. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). The parties do not address this standard.

Defendants argue that good cause exists to set aside the default because they could not file a responsive pleading until the original default was vacated and counsel experienced certain personal emergencies that caused him to neglect filing deadlines. Given the procedural irregularities of the case, we find both parties' culpable conduct led to the entry of default. Defendants, at least, should have attempted to file a responsive pleading, rather than just ignore plaintiff's continued filings. We next consider whether defendants have a meritorious defense. While it seems unlikely that defendant RAR has one, if a third party broker, rather than Raul signed the checks, Raul and Genoviva may have a defense. Finally, plaintiff offers no reason why he would be prejudiced by setting aside the default. Considering all of the above, we deny plaintiff's motion for default judgment (doc. 43).

Accordingly it is **ORDERED DENYING** defendants' motion to dismiss or motion to change venue/transfer case (doc. 48). It is **FURTHER ORDERED DENYING** plaintiff's motion for default judgment (doc. 43).

DATED this 2nd day of June, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge