1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    John Harmon, dba Harmon Company )    CV 10-01813-PHX-FJM
     Produce,                        )
10                                   )    **ORDER**
                 Plaintiff,          )
11                                   )
     vs.                             )
12                                   )
                                     )
13   RAR Enterprises Inc., dba Ramirez)
     Brothers,                       )
14                                   )
                 Defendant.          )
15                                   )
                                     )
16   _____)

17

18        The court has before it plaintiff's motion for judgment (doc. 88).  Defendant did not

19   respond, and the time for responding has expired.

20        This action arises from plaintiff's delivery of watermelons to defendant in 2009.

21   Plaintiff sent invoices to defendants totaling $79,929.  Defendant sent two checks for

22   payment, which were returned to plaintiff for insufficient funds.  The United States

23   Department of Agriculture entered a default order in favor of plaintiff under the Perishable

24   Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499, ordering defendant to pay plaintiff

25   $79,929 as reparation with interest, plus the $500 complaint filing fee.  Def.'s Statement of

26   Facts, ex. H (doc. 72).  Plaintiff filed this action seeking enforcement of the PACA award as

27   well as damages under A.R.S. § 12-671 for insufficient funds check.  Our order dated

28   November 30, 2011 granted summary judgment in favor of plaintiff on the breach of contract

claim (count one) and the PACA award claim (count three) (doc. 81).  We denied summary judgment to plaintiff on count two, insufficient funds check, holding that issues of fact remained as to whether the president of RAR, Raul Ramirez, intended to defraud plaintiff.[1]

Plaintiff moves for entry of judgment on counts one and three and requests that we dismiss count two without prejudice.  As a part of the judgment, plaintiff asks that we enter an order establishing that some of defendant's proceeds and commodities have been and are held in trust for plaintiff's benefit until full payment is tendered.  Compl. at 6.  Such an order is unnecessary, however, because "[t]he trust automatically arises in favor of a perishable agricultural commodities seller upon delivery of perishable agricultural commodities and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing in connection with the transaction have been received." Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1224 (9th Cir. 2002).

Next, plaintiff asks for an award of ten percent interest per year beginning on July 17, 2009 in accordance with A.R.S. § 44-101.  This is Arizona's statute of frauds provision and is inapplicable to interest awarded on judgment.  The PACA award, which plaintiff asked us to enforce in this action, awarded plaintiff 0.41 percent interest per annum from August 1, 2009 until paid.

Finally, plaintiff asks that we award attorney's fees and costs.  The procedure for filing a bill of costs is outlined in LRCiv 54.1, and the procedure for filing a motion for attorney's fees is set forth in LRCiv 54.2.  We will rule on a motion for attorney's fees if and when that motion is before us.

**IT IS ORDERED GRANTING** plaintiff's motion for entry of judgment (doc. 88). Accordingly, **IT IS ORDERED** granting judgment in favor of plaintiff and against RAR Enterprises Inc., dba Ramirez Brothers under count one for breach of contract and count three for PACA award in the amount of $79,929.00 with interest at the rate of 0.41 percent

---

[1]Raul and Genoveva Ramirez filed for bankruptcy on November 28, 2011.  We dismissed the claims against them without prejudice on March 6, 2012 (doc. 90).

per annum from August 1, 2009 until paid, plus the amount of $500.  **IT IS FURTHER**

**ORDERED DISMISSING** count two (insufficient funds check) against RAR Enterprises

Inc., dba Ramirez Brothers without prejudice.

The Clerk shall enter judgment.

DATED this 22nd day of March, 2012.

_Frederick J. Martone_

Frederick J. Martone
United States District Judge